Slip Op. 08 - 35

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| THE UNITED STATES | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before:  **MUSGRAVE, Senior Judge** |
| | : | Court No. 07-00263 |
| WORLD COMMODITIES EQUIPMENT | : | |
| CORP., and HARTFORD FIRE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |
| | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WORLD COMMODITIES EQUIPMENT | : | |
| CORPORATION, | : | |
| | : | |
| Cross-Defendant. | : | |
| | : | |

[Denying Customs' out-of-time motion for out-of-time service of process upon defendant World Commodities Equipment Corp. and dismissing action as to that defendant; denying motion to dismiss as to Hartford Fire Insurance Co.]

Dated: March 21, 2008

## OPINION AND ORDER

*Jefferey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Sean M. Dunn*) for the plaintiff;

*Barnes, Richardson & Colburn* (*Frederick D. Van Arnam*) for defendant Hartford Fire Insurance Company;

Defendant World Commodities Equipment Corp. did not participate in this action.

On July 16, 2007 the United States Department of Homeland Security, Customs and Border Protection ("CBP" or "Customs") filed with the Court a summons and complaint to enforce civil penalties and recover unpaid duties pursuant to 19 U.S.C. § 1592 (2000) for an entry of fresh garlic imported into the United States on July 16, 2002.[1] Customs alleges that Defendant importer World Commodities Equipment Co. ("WCE") attempted to enter the fresh garlic into the commerce of the United States by means of documents containing "material false statements" showing that the garlic originated from Mexico, when the actual country of origin was the People's Republic of China. Compl. at ¶ ¶ 5, 7. However, Customs has apparently failed to effect service of process on WCE within the 120-day time period required by CIT Rule 4; currently before the court is Customs' out-of-time motion to serve the summons and complaint on WCE approximately one month beyond the 120-day deadline.

Co-defendant surety Hartford Fire Insurance Co., ("Hartford") asserts that Customs' failure to effectuate service of process on WCE within the 120-day deadline requires dismissal as to WCE. Hartford asserts further that if dismissal is granted as to WCE, the court must grant its motion to

---

[1] Pursuant to the five-year statute of limitations provided in 19 U.S.C. § 1621, July 16, 2007 was the last date in which the action could be filed.

dismiss the action against Hartford as well (pursuant to Rule 12(b)(5)) or, alternatively, "to convert this matter to summary judgment" or decide the action in Hartford's favor based on the pleadings. Hartford's Mot. In Opp. at 13. For the reasons set forth below, the court will (1) deny plaintiff's out-of-time motion and dismiss the matter as to WCE, and (2) deny Hartford's motion to dismiss.

### *Background*

On July 16, 2007 Customs sent to Hartford and WCE a notice of the commencement of the current action with a request that each of the defendants waive formal service of a summons. *See* CIT Rule 4(d). Defendant Hartford signed and returned the waiver on August 28, 2007; defendant WCE apparently never acknowledged receipt of those documents. Because WCE did not waive formal service of process, Customs was required, pursuant to CIT Rule 4(m), to formally serve the summons and complaint on WCE within 120 days after the July 16, 2007 filing of the complaint. Day 120 fell on November 13, 2007, but Customs had not served WCE. On November 30, 2007, Customs filed with the Court a pleading entitled "Plaintiff's Out of Time Motion for Leave to Serve Summons and Complaint Out of Time on Defendant [WCE]." In that motion, Customs states that the summons and complaint had not been served on WCE, but that service was expected to occur "on or about December 3, 2007." Pl.'s Out of Time Mot. at 1. Customs eventually served WCE on December 10, 2007. Pl.'s Resp. to Hartford's Mot. in Opp. at 8.

### *Discussion*

### I. Dismissal as to WCE

Rule 4(m) of the Court's Rules provides

> (m)    **TIME LIMIT FOR SERVICE**.
>
>    If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the

> court upon motion or its own initiative after notice to the plaintiff,
> shall dismiss the action without prejudice as to that defendant or
> direct that service be effected within a specified time; provided that
> if the plaintiff shows good cause for the failure, the court shall extend
> the time for service for an appropriate period. This subdivision does
> not apply to service in a foreign country pursuant to subdivision (f)
> or (j)(1).

CIT R. 4(m). Subsequent to the passage of the 1993 Amendments to the Federal Rules of Civil

Procedure, most jurisdictions require that the consideration of whether to extend the time for service

of process under Rule 4(m) requires a district judge to engage in what is essentially a two-part

inquiry.[2] First, the court must determine whether "good cause" exists for an extension of time; if the

court finds that good cause exists, it must extend time for service "and the inquiry is ended."

*Petrucelli v. Bohringer and Ratzinger GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, "even

if there is no good cause shown," the court must then consider whether the circumstances of the case

warrant the grant of a discretionary extension of time. *See* Fed. R. Civ. P. 4(m) and Fed. R. Civ. P.

*advisory committee notes*, 28 U.S.C. App., p. 654 (authorizing courts discretion to grant an extension

of time "even if there is no good cause shown," noting that "[r]elief may be justified, for example,

if the applicable statute of limitations would bar the refiled action, or if the defendant is evading

service or conceals a defect in attempted service."); *Henderson v. United States*, 517 U.S. 654, 662

(1996) (recognizing that the 1993 amendments to the rules accorded courts the discretion to enlarge

the 120-day service period even without a showing of good cause).

Prior to the 1993 Amendments, this Court established a standard for demonstrating "good

---

[2] Prior to December 1, 1993, CIT Rule 4(m) was designated as 4(h) and the comparable
Federal Rule of Civil Procedure was 4(j). After December 1, 1993 (and the 1993 Amendments)
the letter designations were harmonized so that CIT Rule 4(m) and Federal Rule 4(m) are the
same rule.

cause" pursuant to Rule 4 in *United States v. Gen. Int'l Mktg. Group*, 14 CIT 545, 742 F.Supp. 1173

(1990). In that case, Judge Watson concluded that

> a fair standard of good cause is one which requires people to show
> behavior consistent with the recognition that a 120 day deadline
> exists. It is worth noting that the word "deadline" originated in
> prisons to describe a line or boundary, the crossing of which
> subjected prisoners to the penalty of death. It would seem reasonable
> therefore to require plaintiffs to make such efforts at service as are
> consistent with a recognition that 120 days may otherwise mark the
> death of the action.

14 CIT at 548, 742 F.Supp. at 1176. In *Gen. Int'l,* the Court found that the plaintiff failed to

demonstrate good cause because the plaintiff's efforts at service were essentially limited to simply

mailing the summons and complaint to the defendant's last known address. Although *Gen. Int'l*

preceded the 1993 amendments to Rule 4, the court sees no reason to deviate from the "good cause"

standard established therein to address the first part of the inquiry.

In the current matter, Customs asserts that "good cause" exists for an extension of time

because the principal attorney on the case suffered "a broken arm, which required surgery upon two

occasions and significant time out of the office for recovery and medical appointments." Pl.'s Out

of Time Mot. at 2. Customs contends that the court's standard of "good cause" should include an

attorney's illness, as noted in *LeMaster v. City of Winnemucca*, 113 F.R.D. 37 (D. Nev 1986)

(finding "good cause" for 17-day delay in service where plaintiff's sole attorney was being treated

for terminal cancer). Additionally, Customs notes that "WCE would not have good arguments based

upon the delay," because "it appears that WCE attempted to evade service." Customs bases this

allegation on its contention that (1) service of process was delayed by a week because WCE's

registered agent was not found at the address listed by the Texas Secretary of State; and (2) "it took

Court No. 07-00263                                                                 Page 6

the process server numerous attempts" to serve additional documents on WCE.  Pl.'s Resp. to

Hartford's Mot. in Opp. at 8.

Customs argues further that even if no good cause exists, the court should exercise its

discretion to grant an extension of time for service.  Customs urges the court to consider (1) the fact

that the running of the statute of limitations would bar refiling of the claim; (2) that WCE was served

"less than one month beyond the statutory deadline" and would suffer no prejudice from the delay;

and (3) that Hartford has suffered "no prejudice whatever" as a result of the delayed service to WCE.

*Id.* at 10.  Finally, Customs asserts that Hartford "lacks standing to assert the legal rights of WCE

as to the delayed service," because Hartford was timely served with the complaint.  *Id.* at 11.

The court cannot find that good cause exists for the delay in service here.  Given that

Customs agreed to accept the waiver of service within 60 days of July 16, 2007, Customs would

have been aware on September 15, 2007 that WCE refused to waive service, yet it took no further

action in the matter until November 30, 2007, almost two weeks after the expiration of the 120-day

service period.  Except for the initial request for waiver of service, Customs apparently made no

attempt whatsoever to serve WCE within the 120-day period.  Such complete inaction cannot

plausibly be interpreted as "behavior consistent with the recognition that a 120-day deadline exists."

Further, even if the court were to adopt the "good cause" standard from *LeMaster*, it is unlikely that

that standard would affect the court's decision here.  In *LeMaster,* the only attorney serving the

plaintiff underwent weekly treatments of chemotherapy and radiation to treat what eventually

became terminal cancer.  *LeMaster*, 113 F.R.D. at 38.  In this case, the plaintiff is represented by the

United States Department of Justice, and the individual attorney assigned to the case broke his arm

on September 22, 2007.  Although the court is sympathetic to counsel's injury, a broken arm cannot

realistically be compared to terminal cancer.  More importantly, counsel for the plaintiff is hardly

a solo practitioner with limited resources:  counsel is an attorney for the Department of Justice.  The

plaintiff has provided no reason why counsel could not have obtained assistance on this matter after

his injury, or why counsel's supervisor could not have the matter reassigned to another attorney.

Finally, although a defendant's attempt to evade service of process is generally a compelling

reason to find good cause, Customs' vague allegations as to a single address change and difficulty

in serving other pleadings (which, pursuant to CIT Rule 5(b), may be served by "[m]ailing a copy

to the last known address of the person served") cannot reasonably be viewed as evasion of service.

Moreover, because the difficulties resulting from the address change or in serving other pleadings

took place well *after* the 120-day service period, Customs cannot realistically expect the court to find

that those occurrences were a cause of the belated service.

However – as noted above – even without a showing of good cause, the court must still

consider whether the totality of the circumstances warrant a permissive extension of time.  *Paneras*,

94 F.3d at 341.  Unfortunately, other than noting that relief "may be justified" in situations where

the statute of limitations has expired or where the defendant is evading service, neither the caselaw

nor the Advisory Committee notes provide clear guidelines as to what other circumstances may

warrant a discretionary extension of time.  Moreover, even the passage of the statute of limitations

is far from a guarantee of discretionary extension, as Courts in most jurisdictions routinely dismiss

actions where other factors are more compelling.  *See Tuke v. United States*, 76 F.3d 155, 156 (7th

Cir. 1996) (upholding dismissal and observing that "an attorney who files suit when the statute of

limitations is about to expire must take special care to achieve timely service of process, because a

slip-up is fatal")[3]; *Coleman v. Milwaukee Bd. of School Dir.*, 290 F.3d 932, 934 (7th Cir. 2002)

(upholding dismissal where statute of limitations had run, noting that "the judge understandably was

troubled by the fact that the plaintiff had delayed till almost the last minute in attempting service.");

*Zapata v. City of New York*, 502 F.3d 192, 199 (2nd Cir. 2007) (upholding dismissal in spite of

passage of the statute of limitations where plaintiff "made no effort to effect service within the

service period, neglected to ask for an extension within a reasonable period of time, and has

advanced no cognizable excuse for the delay").  With no concrete factors, district judges have

essentially determined each case on an individual basis while taking care not to "overlook any of the

factors urged . . . by the plaintiff for exercising discretion in [its] favor." *Coleman*, 290 F.3d at 934.

In this case, the court is unconvinced that a discretionary extension of time is appropriate.

Customs waited until the last day of the five-year statute of limitations to file the action, but instead

of "taking special care to achieve timely service of process" Customs sat on its hands until two

weeks *after* the passing of the 120-day service period.  Even in cases deemed worthy of a

discretionary extension because the plaintiff was *pro se* or because the method of service was

unusual or complicated, the plaintiffs made some (albeit botched) attempt at service that oftentimes

had the effect of providing actual notice of the claim to the defendant. *See Coleman*, 290 F.3d at

935-36.  However, nothing indicates that such is the case here: the plaintiff is not *pro se*, the rules

---

[3]  The court notes that *Zapata v. City of New York*, 502 F.3d 192 (2nd Cir. 2007) and other cases support the notion that the filing of an action actually "tolls" the statute of limitations until service of process is completed or the 120-day period expires.  Hence, a plaintiff who had 60 days left in the statute of limitations when he filed would have that 60 days tacked onto the end of the 120 day period in order to refile.

of service are no more complex than any other customs case, and there is no clear indication that the

defendant had actual notice of the claim.  Accordingly, the court will deny the plaintiff's out-of-time

motion and dismiss the action as to WCE.  Although the court's dismissal is technically without

prejudice to refiling, the expiration of the statute of limitations essentially ends the action as to WCE

because Customs appears to be time-barred by the statute of limitations from refiling the claim.

## II.  Dismissal as to Hartford

The court must now determine whether Custom's action against Hartford must be dismissed

if WCE is no longer a party to the case.  Hartford argues that the court must dismiss the case against

it because, without WCE as a party to the case, "the government cannot establish at court the

elements proving that WCE violated 19 U.S.C. § 1592(a)."  Def.'s Reply to Pl.'s Resp. to Mot. to

Dismiss at 10.  Hartford essentially contends that the government must establish the elements of the

section 1592(a) violation in an action "*against the importer* as a predicate to prosecuting a claim for

duties against the surety under section 1592(d)."  Def.'s Reply to Pl.'s Resp. at 7 (emphasis added).

The court does not agree.  Nothing in section 1592(d) indicates that the only manner by

which the government may prove a violation of section 1592(a) is via successful suit against the

importer.  19 U.S.C. § 1592(d) provides:

> (d) Deprivation of lawful duties, taxes, or fees
>
> Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

19 U.S.C. § 1592(d) (2000).  Although section 1592(d) requires a "violation of subsection (a)" as

a prerequisite for an award pursuant to section (d), nothing in the plain language of section 1592(d)

indicates that such a violation can only be established in a suit against the importer. This Court has

discussed this concept in a number of cases involving sureties. In *United States v. XL Specialty Ins.*

*Co.*, the Court addressed this very issue:

> Of course, such violation must be established for there to be any such
> collection, but it does not necessarily follow that that predicate be
> established *in an action between the government and the importer*.
> That is, *Blum* held there to be a direct cause of action against a surety
> for recovery of lost duties due to violation of section 1592(a), which
> is this matter at bar. The government is not foreclosed from
> commencing this kind of action first. To be sure, when it does so, it
> bears the burden of proving such violation of the statute, just as it
> does in any action brought by it against an importer pursuant to 19
> U.S.C. § 1592.

462 F.Supp.2d 1364, 1366-67 (2006) (emphasis added) (discussing *United States v. Blum*, 858 F.2d

1566 (Fed. Cir. 1988). *See also United States v. Washington Int'l Ins. Co.*, 28 CIT__ , 374 F.Supp.

2d 1265 (2005) (surety successfully defended against Customs' suit for duties by showing importer

had committed no violation under section 1592(a), even though the importer was not a party to the

case).

The only difference between *XL Specialty* and the current matter is that instead of bringing

an action against the surety *first,* Customs is now maintaining an action *only* against the surety.

However, the court sees no reason to bar such a lawsuit: pursuant to the concept of joint and several

liability that is the mainstay of the surety-principal relationship, as well as the language of the bond,

Customs has the option to sue either party for duties. *See* 19 C.F.R. § 113.62 ("Basic importation

and entry bond conditions"); *Washington Int'l Ins. Co. v. United States*, 25 CIT 207, 225, 138

F.Supp. 2d 1314, 1331 (2001) (holding that the joint and several liability stemming from the

language of the bond "grants the United States the discretionary authority to seek payment from [the bond surety] independently of any action that may be brought against the principal."); *Blum*, 858 F.2d at 1570 (holding that § 1592(d) "provides the United States with a cause of action to recover duties from those parties traditionally liable for such duties, *e.g.*, the importer of record and its surety."); *Balboa Ins. Co. v. United States*, 775 F.2d 1158, 1160 (Fed. Cir. 1985) (holding that a surety bond "creates a three-party relationship, in which the surety becomes liable for the principal's debt or duty to the third party obligee (here, the government)."). As the United States Court of Appeals for the Federal Circuit observed:

> The surety's obligation to pay does not wait for completion of legal contests between the principal and the creditor. If a surety's obligation to pay only arose upon conclusion of lawsuits, the creditor would lose a significant part of the protection it bargained to obtain.

*Ins. Co. of North America v. United States*, 951 F.2d 1244, 1246 (Fed. Cir. 1991). Hence, the court finds no support for Hartford's contention that Customs cannot establish a violation of section 1592(a) without WCE as a party to the suit, and can see no reason why Customs inability to bring an action under section 1592(a) would otherwise preclude it from suing a surety under section 1592(d), *see United States v. Jac Natori Co., Ltd.*, 108 F.3d 295 (1997) (permitting recovery of duties under section 1592(d) even where the statute of limitations under former 19 U.S.C. § 1621 barred an action for recovery of penalties under section 1592(a)).

The court recognizes that Hartford may have several defenses against the current action pursuant to its status as a surety and relating to whether its obligations as a surety have been

discharged.[4]  However, Hartford has asserted no defenses in this regard and it is not within the

purview of the court to do so on its behalf.  Accordingly, the court will deny Hartford's motion to

dismiss and allow the suit against Hartford to proceed.  If Hartford wishes to submit a proper motion

for summary judgment to this effect, it must do so in accordance with CIT Rule 56.

### *Conclusion*

Upon consideration of the foregoing, Customs' out-of-time motion for out-of-time service

of process upon the defendant WCE is denied, and the matter dismissed as to WCE.  Hartford's

motion to dismiss is denied.

**SO ORDERED**.


                                                                    /s/    R. Kenton Musgrave
                                                                    R.  KENTON MUSGRAVE, Senior Judge

Dated:  March 21, 2008
        New York, New York

---

[4] *See Restatement (Third) of Suretyship and Guaranty*, § 43.

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| THE UNITED STATES | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before:  **MUSGRAVE, Senior Judge** |
| | : | Court No. 07-00263 |
| WORLD COMMODITIES EQUIPMENT CORP., and HARTFORD FIRE INSURANCE COMPANY | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| HARTFORD FIRE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WORLD COMMODITIES EQUIPMENT CORPORATION, | : | |
| | : | |
| Cross-Defendant. | : | |
| | : | |

**JUDGMENT**

This action having been submitted for decision, and the Court, after due deliberation and consideration of all papers and proceedings, having rendered a decision herein; now, therefore in conformity with said decision, it is hereby

Court No. 07-00263                                                                                                   Page 2

 

 

**ORDERED, ADJUDGED AND DECREED** that Customs' Out of Time Motion to Serve

Summons and Complaint Out of Time on Defendant World Commodities Equipment Corp. be, and

hereby is, denied; it is further

**ORDERED, ADJUDGED AND DECREED** that this action, be, and hereby is, dismissed

without prejudice as to Defendant World Commodities Equipment Corp.

 

 

                                        /s/   R. Kenton Musgrave
                                        R. KENTON MUSGRAVE, Senior Judge

Dated:  March 21, 2008
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____        By: _____
                                                         Deputy Clerk